IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK KARL JOST,<br><br>          Petitioner,<br><br>          v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Respondent. | Case No. CV 14-9618 R (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

     The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to the successive habeas petition rule in 28 U.S.C. § 2244.

* * *

     This is a state habeas action. Petitioner was convicted of murder in 1990. He is currently serving a sentence of 17 years to life in state prison.

     Petitioner previously sought habeas relief in this Court from his conviction. Jost v. People, No. CV 11-151 R (FMO) (C.D. Cal.). The Court dismissed Petitioner's previous habeas action with prejudice as untimely. (Docket # 33.)

1  The United States Court of Appeals for the Ninth Circuit declined to issue a
2  certificate of appealability regarding that dismissal.  (Docket # 46.)
3       Petitioner filed the present habeas action in this Court in December 2014.
4  The current petition alleges ineffective assistance by Petitioner's trial and appellate
5  lawyers, actual innocence, and other claims related to his 1990 trial.  The petition
6  was not accompanied by a certificate from the Ninth Circuit Court of Appeals
7  authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).
8       Magistrate Judge Wilner reviewed the petition shortly after its filing.  Judge
9  Wilner directed Petitioner to submit a supplemental statement as to why the action
10 should not be dismissed as a second or successive petition prohibited under
11 AEDPA.  (Docket # 4.)
12      Petitioner submitted a statement in response to Judge Wilner's Order.
13 (Docket # 6.)  In his statement, Petitioner broadly contended that the Supreme
14 Court's decision in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012),
15 allowed him to circumvent the successive petition rule.  Judge Wilner found that
16 Petitioner's statement did "not present a clear, understandable, or supportable legal
17 argument as to why this Court should allow him another shot at challenging his
18 conviction on habeas review."  (Docket # 7.)  The Court allowed Petitioner another
19 chance to explain his argument in greater detail.
20      Petitioner subsequently filed a second statement. (Docket # 8.)  The second
21 statement recited the holding of Martinez that a prisoner may be entitled to pursue
22 an ineffective assistance of counsel claim in federal court notwithstanding a
23 finding that the claim was procedurally barred in state court.  However, Petitioner
24 did not address the successive-petition issue as Judge Wilner directed.  He also
25 failed to explain why he did not seek permission from the Ninth Circuit before
26 filing this new habeas action.
27      * * *
28

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3).

The current petition challenges Petitioner's 1990 conviction. Petitioner previously (and unsuccessfully) sought federal habeas relief for those convictions in 2011. Petitioner offers no convincing explanation as to why he did not seek permission from the Ninth Circuit Court of Appeals before filing this new case. His broad claim that he is "actually innocent" of the crime is unsupported by any evidence newly discovered in the two decades since his conviction.

Further, Petitioner's passing reliance on Martinez in unavailing. The Martinez decision "dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here" regarding Petitioner's failure to obtain permission to file a successive petition. McKinnie v. Long, No. ED CV 12-2102 VBF (RNB), 2013 WL 1890618 at *8 (C.D. Cal. Apr. 5, 2013); Hargrave v.

Nevada, 2014 WL 5025906 (D. Nev. 2014) (Martinez involves relief from procedural default, does not affect timeliness of claim under AEDPA). Directly put, no aspect of Martinez addresses a prisoner's ability to pursue a second federal habeas action without the permission required under Section 2244(b).

\* \* \*

The current action is successive. The record establishes that he did not have permission from the appellate court to file this action after his previous federal case was dismissed. The petition is subject to summary dismissal. The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: January 30, 2015        _____
                               HON. MANUEL L. REAL
                               UNITED STATES DISTRICT JUDGE